# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| GRACE C. STEPHENSON a/k/a GRACE C. JOHNSON a/k/a GRACE C. STEPHENSON JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DISTRICT COURT EASTERN DISTRICT OF WISCONSIN,<br><br>    Defendant. | Case No. 24-CV-140-JPS<br><br>**ORDER** |

1. **INTRODUCTION**

  On January 31, 2024, pro se Plaintiff Grace C. Stephenson a/k/a Grace C. Johnson a/k/a Grace C. Stephenson Johnson ("Plaintiff") sued Defendant United States District Court Eastern District of Wisconsin ("Defendant") or "EDWI"). ECF No. 1. Plaintiff also moves for leave to proceed in forma pauperis. ECF No. 2. Those motions, and the screening of Plaintiff's pro se complaint, are now before the Court. For the reasons discussed herein, the Court will dismiss the case with prejudice, deny the motion for leave to proceed in forma pauperis, and impose a monetary sanction and additional filing bar on Plaintiff.

2. **MOTION TO PROCEED IN FORMA PAUPERIS**

  On the question of indigence, although Plaintiff need not show that she is totally destitute, *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980), the privilege of proceeding in forma pauperis "is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

In her motion, Plaintiff avers that she is unemployed and unmarried. ECF No. 2 at 1. She has no living dependents. *Id.* Plaintiff attests that social security is her sole income, in the amount of roughly $1,668 per month. *Id.* at 2. She pays roughly $388 per month in rent, roughly $370 per month in car payment on her 2013 vehicle (the value of which she estimates is $4,000), $25–$100 per month in credit card payment, and a total of $1,000 per month in other miscellaneous costs including groceries, medical bills, and utilities. *Id.* at 2–3. She has $250 in savings and owns no property of value. *Id.* at 3–4.

The Court is satisfied that Plaintiff is indigent. However, the inquiry does not end there; the Court must also screen the complaint.

3.      **SCREENING**

   3.1   **Standards**

When a plaintiff seeks to proceed without prepayment of the civil filing fee, the Court may screen a complaint and dismiss it or any portion thereof if it raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants . . . regardless of fee status.").[1] A claim

---

[1] Although 28 U.S.C. § 1915(a) specifically references "prisoner" litigants, it has been interpreted as providing authority for such requests by both prisoner and non-prisoner *pro se* litigants alike. *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275–76 (6th Cir. 1997) (superseded by rule on other, inapplicable grounds); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) ("Section 1915(e) applies to all [in forma pauperis] litigants—prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.") (Lay, J., concurring)).

is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule "requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States, ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).

### 3.2  Application

Plaintiff purports to sue the EDWI for "refus[ing] to give fair hearing of a civil liability case." ECF No. 1 at 2; *id.* at 3 ("Federal Court refuses to hear and continues to dismiss civil liability case."). She provides no further detail regarding her claim or claims against the EDWI.

It is apparent that Plaintiff originally intended this suit to be brought against the Children's Hospital of Wisconsin ("Children's Hospital"), the entity she has sued no less than seven times over the last six years following the death of her child at Children's Hospital.[2] Plaintiff in fact attaches to her complaint papers in which she has crossed out "Children's Hospital of

---

[2] *See Stephenson v. Children's Hosp. of Wis.*, 24-CV-100-JPS (E.D. Wis. Jan. 25, 2024); *Stephenson v. Children's Hosp. of Wis.*, 23-CV-1504-LA (E.D. Wis. Nov. 13, 2023); *Stephenson v. Children's Hosp. of Wis.*, 23-CV-272-PP (E.D. Wis. Feb. 28, 2023); *Stephenson v. Children's Hosp. of Wis. Inc.*, 23-CV-1384-PP (E.D. Wis. Oct. 17, 2023); *Stephenson Johnson v. Children's Hosp. of Wis.*, 17-CV-942-JPS (E.D. Wis. July 11, 2017); *Stephenson Johnson v. Children's Hosp. of Wis. Org. et al.*, 18-CV-51-LA (E.D. Wis. Jan. 9, 2018); *Stephenson Johnson v. Childrens Hosp. of Wis.*, 18-CV-117-LA (E.D. Wis. Jan. 23, 2018).

Wisconsin" and off to the side written "United States District Court Eastern District of Wisconsin." *Id.* at 3. She did so, undoubtedly, because this Court mere days ago barred her indefinitely from suing in this District the Children's Hospital or any of its employees or agents for conduct related to the treatment and death of her child there. *See Stephenson v. Children's Hosp. of Wis.*, 24-CV-100-JPS, ECF No. 5 (E.D. Wis. Jan. 30, 2024) (hereinafter, "24-CV-100-JPS").

In its order imposing a filing bar on Plaintiff, the Court recounted Plaintiff's history of repeatedly and flagrantly disregarding court orders and re-filing carbon copies of suits inappropriate for the federal forum. *Id.* at 4–6. It stated that

> Plaintiff has . . . several times disregarded the directive of both this Court and of other courts in this District to refrain from repeatedly filing this case in federal court. Each time her case has recently been dismissed, she has refiled it almost immediately, making it apparent that she is not undertaking any genuine revision that would potentially justify her decision to re-file it. Instead, she receives the dismissal order and files essentially, if not precisely, a carbon copy of the same suit. This is an abuse of both the federal forum and the judicial process.

*Id.* at 6. Accordingly, the Court imposed an indefinite filing bar against her, instructing the Clerk of Court to return unfiled any attempts at suing the Children's Hospital or its employees or agents for conduct relating to Plaintiff's daughter's treatment and death. *Id.* at 8.

Plaintiff's newest action violates the spirit of the Court's order in 24-CV-100-JPS. She has clearly attempted to circumvent the filing bar by haphazardly substituting the EDWI for "refus[ing] to hear" her case against Children's Hospital, but her underlying grievance remains the same. *See* ECF No. 1 at 4–9 (referencing allegations of "defendant's performance . . .

not adher[ing] to the specifications of a service of a perioperative procedure"). Her immediate re-filing of a suit stemming from the same allegations raised in her prior actions further demonstrates her disregard for the rule of law and for the Court's orders.

When a party is dissatisfied with the Court's disposition of a case, that party's recourse is to appeal the disposition. *Caudle v. Am. Arbitration Ass'n,* 230 F.3d 920, 922 (7th Cir. 2000) ("[A] litigant files an appeal, rather than suing the judge or the court or which the judge is a member, if he does not like decisions by the trial court . . . ."). Plaintiff has had seven opportunities to appeal following the repeated dismissals of her previous cases. *See supra* note 2. She forewent those opportunities. Instead, she opted to sue the Court for its refusal to allow her to maintain a case in federal court because it lacked subject matter jurisdiction. This is a further abuse of the judicial process and is clearly an attempt on Plaintiff's part at harassing her way to the outcome she desires. Unfortunately for Plaintiff, the Court operates according to the law, not according to her preference or her notion of what is "fair." ECF No. 1 at 2.

Even if Plaintiff's suit was not clearly intended to be brought against Children's Hospital in circumvention of the Court's order in 24-CV-100-JPS, it would still be improper and frivolous. The Court has immunity from suits brought by disgruntled litigants. *See Del Marcelle v. Wisconsin,* 902 F. Supp. 859, 862–63 (E.D. Wis. 1995) ("The doctrine of judicial immunity permits judges freely to exercise their duties without fear of harassment from dissatisfied litigants." (citing *Pierson v. Ray,* 386 U.S. 547, 554 (1967)). Plaintiff has proceeded in bad faith by filing an action against the Court for her dissatisfaction with her previous litigation outcomes.

"[T]he court may appropriately use its inherent power to sanction a party who acts 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Chung v. KPMG LLP*, 104 F. App'x 576, 577 (7th Cir. 2004) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991) (noting that courts have "the ability to fashion an appropriate sanction for conduct which abuses the judicial process") and citing *Corley v. Rosewood Care Ctr.*, 142 F.3d 1041, 1058 (7th Cir. 1998)); *see also Chambers*, 501 U.S. at 44–45 (noting that courts have "the ability to fashion an appropriate sanction for conduct which abuses the judicial process"). Plaintiff has consumed far more than her share of scarce and valuable judicial resources, and her pro se status does not "insulate her from sanctions for filing frivolous and meritless lawsuits." *Smith v. U.S. Dep't of Educ.*, No. 1:20-CV-474, 2021 WL 8894926, at *3 (N.D. Ind. Oct. 11, 2021).

The Court will accordingly exercise its discretion and will impose both a monetary sanction and an additional filing bar. Plaintiff is ordered to pay to the Clerk of Court a fine in the amount of $250 within **thirty (30) days** of the entry of this Order. Further, in addition to being indefinitely barred from filing in this District any action against the Children's Hospital or any of its employees or agents for conduct relating to Plaintiff's deceased daughter, the Court will also bar Plaintiff from filing any paper in any case in this District for a period of **five (5) years** from the entry of this Order. This filing bar extends to any new lawsuits related to different facts than those alleged in the suits noted *supra* note 2. This bar shall include motions for reconsideration, but it will not include notices of appeal or papers in "any criminal case in which [Plaintiff] is a defendant or any application for habeas corpus that [s]he may wish to file." *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995); *see also Mucha v. Wisconsin*, No. 12-CV-00202-

LA, 2013 WL 1498993, at *1 (E.D. Wis. Apr. 10, 2013) (motions for reconsideration fall within *Mack* bar) (citing *Lammers v. Ellerd*, 202 F.3d 273, 1999 WL 1075323, at *1–2 (7th Cir. Nov. 24, 1999) (imposing *Mack* bar)). Again, neither this Order nor this expanded filing bar prevents Plaintiff from seeking relief before the state courts or appealing to the Seventh Circuit.

### 4. CONCLUSION

"Frivolous, vexatious, and repeated filings by pro se litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit and filed by litigants willing to follow court orders." *United States ex rel. Verdone v. Cir. Ct. for Taylor Cnty.*, 73 F.3d 669, 671 (7th Cir. 1995). In light of the foregoing, the Court will dismiss this case with prejudice and deny Plaintiff's motion for leave to proceed in forma pauperis. The Court will also order Plaintiff to pay to the Clerk of Court a fine in the amount of $250 within **thirty (30) days** of the entry of this Order. Further, the Court will bar Plaintiff from filing any paper in any case in this District for a period of **five (5) years** from the entry of this Order, including new lawsuits related to different facts, as discussed herein, and in addition to the indefinite filing bar imposed in 24-CV-100-JPS.

Accordingly,

**IT IS ORDERED** that Plaintiff's Grace C. Stephenson a/k/a Grace C. Johnson a/k/a Grace C. Stephenson Johnson's motion for leave to proceed in forma pauperis, ECF No. 2, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff pay to the Clerk of Court a fine in the amount of $250 within **thirty (30) days** of the entry of this Order;

**IT IS FURTHER ORDERED** that Plaintiff Grace C. Stephenson a/k/a Grace C. Johnson a/k/a Grace C. Stephenson Johnson be and the same shall hereby be **BARRED for a period of FIVE (5) YEARS** from the entry of this Order, from filing any paper in any case in this District, including any new lawsuits and any motions for reconsideration, but excluding notices of appeal or papers in any criminal case in which she is a defendant or any application for habeas corpus; the Clerk of Court shall **RETURN UNFILED** any such papers; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED with prejudice.**

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 1st day of February, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.